**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSUE ERNESTO BARRIENTOS ARDON,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2681-R** |
| **WARDEN, CIMARRON CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Josue Ernesto Barrientos Ardon seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. Petitioner filed a motion to expedite, Doc. 2, and for a temporary restraining order. Doc. 3. For the reasons set forth below, the undersigned recommends the Court deny Petitioner's motions.

## I. Temporary Restraining Order requirements.

Under Federal Rule of Civil Procedure 65(b)(1), a court may only grant a

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

motion for a temporary restraining order without notice if the moving party has complied with certain requirements, including "certif[ying] in writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Petitioner has not complied with those requirements here as he has not submitted to the Court any certification of efforts made to give notice to Respondents before filing the motion.

In the motion, Petitioner seeks immediate release from detention, or in the alternative, a prompt bond hearing, and an order requiring Respondents not to transfer him pending the resolution of this case. Doc. 3, at 2. The undersigned has directed Respondents to respond to Petitioner's habeas petition and ordered Respondents to provide the Court with 72-hour advance notice of any transfer of Petitioner. *See* Doc. 8, at 2. So the Court has already addressed part of the relief Petitioner seeks in his motion. [2]

Therefore, the Court should deny the motion. *See, e.g.*, *Bahadorani v. Bondi, et al.,* No. CIV-25-1091-PRW, Doc. 11 (W.D. Okla. Sept. 24, 2025) (denying temporary restraining order when the petitioner disregarded Fed. R. Civ. P. 65(b)(1)); *Honeycutt v. Mitchell,* No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (recognizing that a temporary restraining

---

[2] In its Order for Response, the Court set an expedited briefing schedule in this matter. Doc. 8. Therefore the Court has already addressed the relief requested in Petitioner's motion to expedite and the motion should be denied.

order is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored").

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's motions to expedite and for a temporary restraining order. Docs. 2, 3.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before November 10, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 20th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE